UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ADAM LEE COOK,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | Civil Case No. 1:16-cv-00254-BLW<br>Criminal Case No: 1:10-cr-00167-BLW<br><br>**ORDER** |

## INTRODUCTION

Pending before the Court is Petitioner Adam Lee Cook's Motion for Voluntary

Dismissal (Dkt. 12) as well as the Government's Motion to Dismiss (Dkts. 9, 14). The

Government urges the Court to rule on the merits of the petition, while Cook asks the

Court to dismiss the petition without prejudice. For the reasons explained below, the

Court will dismiss the petition without prejudice.

## ANALYSIS

In April 2011, Cook pleaded guilty to unlawful possession of a firearm. The Court

sentenced Cook to 100 months' imprisonment after finding he qualified for an

enhancement under § 2K2.1(a)(4)(A) of the United States Sentencing Guidelines. This

section enhances an offender's base offense level if "the defendant committed any part of

the instant offense subsequent to sustaining one felony conviction of either *a crime of*

*violence* or a controlled substance offense." (emphasis added). The phrase "crime of

Order - 1

violence," in turn, is defined by reference to Sentencing Guidelines Section 4B.1.2(a).

*See* U.S.S.G. § 2K2.1 (application note 1).

In June 2016, Cook filed a § 2255 petition. He argued that, in light of the Supreme

Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), § 2K2.1 was void

for vagueness. Cook argued that he should therefore be resentenced without the

enhancement in place. In *Beckles v. United States*, 137 S. Ct. 886, 892 (2017), however,

the Supreme Court held that "the Guidelines are not subject to a vagueness challenge

under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void

for vagueness."

Shortly after *Beckles* was handed down, Cook filed his Motion for Voluntary

Dismissal and the Government renewed its earlier motion to dismiss.

In its renewed motion to dismiss, the Government argues that Rule 41 does not

apply in § 2255 proceedings because it is inconsistent with 28 U.S.C. § 2255(f)(3). But

there is no inconsistency between Rule 41 and § 2255(f)(3). Section 2255(f)(3) does not

specify a procedural mechanism for voluntarily dismissing a § 2255 petition; it simply

provides a one-year statute of limitations for § 2255 petitions. *See* 28 U.S.C. § 2255(f)(3)

("A 1-year period of limitation shall apply to a motion under this section."). In fact, none

of the rules governing § 2255 proceedings tell a petitioner how to voluntarily dismiss a

petition. Rule 12 steps into the breach in that situation; it allows district courts to apply

"[t]he Federal Rules of Civil Procedure, . . . to the extent that they are not inconsistent

with any statutory provisions or these rules . . . ." Rule 41 thus governs Cook's motion

for dismissal.

Cook's Motion for Voluntary Dismissal cites Federal Rules of Civil Procedure 41(a)(1)(A)(i) as well as Rule 41(a)(2). *See Motion,* Dkt. 12, at 1-2. Rule 41(a)(2) applies. It states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." A decision to grant a voluntary dismissal under Rule 41(a)(2) is left to the sound discretion of the district court. Generally, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citations omitted). "[L]egal prejudice does not result merely because the defendant will be inconvenienced by having to defend in another forum or where a plaintiff would gain a tactical advantage by that dismissal. *Id.* at 976. Rather, legal prejudice is "prejudice to some legal interest, some legal claim, some legal argument. Uncertainty because a dispute remains unresolved is not legal prejudice." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

The Government argues it should prevail on the merits and dismissal with prejudice should be entered thereby precluding a second or successive § 2255 petition. The Court declines the Government's invitation to rule on the merits of the Petition for two reasons. First, the Government has not shown it will suffer legal prejudice if voluntary dismissal is granted. The Ninth Circuit has rejected uncertainty and the prospect of a second lawsuit as a basis for finding plain legal prejudice in the context of a Rule 41(a)(2) motion. *See Westlands Water Dist.*, 100 F.3d at 97 ("[T]he threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice."); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)

Order - 3

("Appellant's contention that appellee should have been estopped from requesting a voluntary dismissal, because appellant was put to significant expense in preparing and filing its pleadings, is without merit."); *In re Lowenschuss*, 67 F.3d 1394, 1400-01 (9th Cir. 1995) ("[T]he inconvenience of defending another lawsuit or the fact that the defendant has already begun trial preparations does not constitute prejudice."); *Hyde & Drath v. Baker*, 24 F.3d 1162, 1169 (9th Cir. 1994).[1] The second reason for granting the voluntary dismissal is that it conserves judicial resources and is in the interest of judicial economy.

For these reasons, the Court will grant Cook's Motion for Voluntary Dismissal.

## ORDER

IT IS HEREBY ORDERED that Petitioner's Motion for Voluntary Dismissal (Dkt. 12) is **GRANTED**. The § 2255 Petition (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE**.

IT IS FURTHER ORDERED that all other pending motions (Dkts. 5, 9, 10, 14) are **MOOT.**

DATED: May 1, 2018

B. Lynn Winmill
Chief U.S. District Court Judge

---

[1] In so ruling, the Court makes no determination at this time as to whether any future § 2255 petition filed by the defendant would be second or successive.